UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

SYLVESTER COLLINS,

        Plaintiff,

    -v-                    6:23-CV-1543

DINO JUKIC, et al.

        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                              OF COUNSEL:

SYLVESTER COLLINS
Plaintiff, Pro Se
22-B-1872
Mid-State Correctional Facility
P.O. Box 2500
Marcy, NY 13403

FOTI HENRY PLLC                           DANIEL CARTWRIGHT, ESQ.
Attorneys for Defendant                   DAVID H. WALSH, ESQ.
403 Main Street, Suite 225
Buffalo, NY 14203

DAVID N. HURD
United States District Judge

## DECISION & ORDER

On December 8, 2023, *pro se* plaintiff Sylvester Collins ("plaintiff" or "Collins"), an individual in the custody of the New York State Department of Corrections and Community Supervision, filed this 42 U.S.C. § 1983 action alleging that three City of Utica Police Officers violated his constitutional rights during a traffic stop that led to his arrest.  Dkt. No. 1.  Although the action initially suffered from a few filing deficiencies, Dkt. Nos. 3, 7, plaintiff eventually submitted a proper application to proceed *in forma pauperis* ("IFP Application"), Dkt. Nos. 8, 9.  Plaintiff also submitted a notice of a change in his mailing address.  Dkt. No. 10.

On June 20, 2024, U.S. Magistrate Judge Miroslav Lovric granted the IFP Application and, after conducting an initial review of the pleading, advised by Report and Recommendation ("R&R") that plaintiff's complaint be dismissed with leave to amend.  Dkt. No. 11.  After plaintiff prematurely submitted an amended complaint, Dkt. No. 13, this Court adopted the R&R and referred the amended pleading to Judge Lovric for further review, Dkt. No. 15.

On December 3, 2024, after conducting an initial review of plaintiff's amended complaint, Judge Lovric advised in a second R&R that three of plaintiff's § 1983 claims survived *sua sponte* review and required a response from defendants: (1) his Fourth Amendment unlawful seizure claim against defendant Police Officer Dino Jukic for the impoundment of his vehicle; (2)

- 2 -

his Fourth Amendment unlawful search claims against defendants Police Officer John DeTraglia and Police Officer Patrick West based on the search of the vehicle; and (3) his Fourth Amendment unlawful arrest claim against defendant Jukic. Dkt. No. 16. That same day, summonses were issued to each defendant and General Order #25 was disseminated. Dkt. Nos. 17–18.

On February 3, 2025, defendants moved to dismiss plaintiff's amended complaint for failure to state any claims for relief. Dkt. No. 26. Although plaintiff was explicitly cautioned that his opposition was due on February 24, 2025, Dkt. No. 30, he failed to oppose by that deadline. Instead, plaintiff filed a second change-of-address notice on February 19, 2025. Dkt. No. 31.

That is the last time the Court has heard from plaintiff. After plaintiff failed to oppose defendants' motion and mailings to his last known address were returned as undeliverable, Dkt. Nos. 32, Judge Lovric tried to get the case back on track: he issued an order reminding plaintiff of his obligation to promptly update his mailing address, directing him to do so immediately, and cautioning him that his failure to comply with this or other court orders may result in sanctions, including the dismissal of this action.[1] Dkt. No. 43. That

---

[1] Notably, this was not plaintiff's first warning about these obligations. On March 15, 2024, Judge Lovric issued a substantively similar text order that cautioned plaintiff that his failure to comply with court orders or to participate in this litigation might result in sanctions, including the dismissal of this action. Dkt. No. 7. Later, on December 3, 2024, Judge Lovric reminded plaintiff about the need to keep his mailing address current and cautioned him that failure to do so may result in the dismissal of this action. Dkt. No. 16.

order, which was mailed to plaintiff's last known address, was returned as undeliverable on July 11, 2025. Dkt. No. 44.

Under Rule 41 of the Federal Rules of Civil Procedure, a trial court may dismiss an action "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." FED. R. CIV. P. 41(b); *Tylicki v. Ryan*, 244 F.R.D. 146, 147 (N.D.N.Y. 2006) (explaining that "these rules" includes the Federal Rules and a district's local rules of practice). Although the Rule itself speaks about a *defendant's* motion to dismiss, it is "unquestioned that Rule 41(b) also gives the district court authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute." *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001).

Of course, the outright dismissal of a case is a "harsh remedy to be utilized only in extreme situations," *U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004), and courts should be particularly hesitant to dismiss a *pro se* litigant's case for simple procedural deficiencies, *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996).

Even so, the authority to dismiss an action that a litigant—even a *pro se* one—has failed to prosecute "is vital to the efficient administration of judicial affairs and provides meaningful access for other prospective litigants to overcrowded courts." *Lyell Theatre Corp. v. Loews Corp.*, 683 F.3d 37, 42 (2d

Cir. 1982). To determine whether dismissal instead of some lesser sanction is warranted, a district court must weigh:

> (1) whether the plaintiff "caused a delay of significant duration";
>
> (2) whether the plaintiff was "given notice that further delay would result in dismissal";
>
> (3) whether the defendant was "likely to be prejudiced by further delay";
>
> (4) whether dismissal would balance "the need to alleviate court calendar congestion . . . against [the] plaintiff's right to an opportunity for a day in court"; and
>
> (5) whether lesser sanctions would be effective.

*Drake*, 375 F.3d at 254. "No single factor is generally dispositive." *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (per curiam).

Measured against this general legal standard, plaintiff's complaint must be dismissed. First, plaintiff's consistent inattention to this litigation has already caused a significant delay. A review of the docket report shows that plaintiff has not been in contact with the Court since he filed his most recent change-of-address notice on February 19, 2025—since then, plaintiff has failed to respond to filings or take any other action. *See, e.g.*, Dkt. No. 43. Of course, plaintiff has also failed to respond to the defendants' still-pending motion to dismiss. *See* Dkt. No. 33.


Case 6:23-cv-01543-DNH-ML   Document 45   Filed 08/27/25   Page 5 of 8

Cir. 1982). To determine whether dismissal instead of some lesser sanction is warranted, a district court must weigh:

> (1) whether the plaintiff "caused a delay of significant duration";
>
> (2) whether the plaintiff was "given notice that further delay would result in dismissal";
>
> (3) whether the defendant was "likely to be prejudiced by further delay";
>
> (4) whether dismissal would balance "the need to alleviate court calendar congestion . . . against [the] plaintiff's right to an opportunity for a day in court"; and
>
> (5) whether lesser sanctions would be effective.

*Drake*, 375 F.3d at 254. "No single factor is generally dispositive." *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (per curiam).

Measured against this general legal standard, plaintiff's complaint must be dismissed. First, plaintiff's consistent inattention to this litigation has already caused a significant delay. A review of the docket report shows that plaintiff has not been in contact with the Court since he filed his most recent change-of-address notice on February 19, 2025—since then, plaintiff has failed to respond to filings or take any other action. *See, e.g.*, Dkt. No. 43. Of course, plaintiff has also failed to respond to the defendants' still-pending motion to dismiss. *See* Dkt. No. 33.

- 5 -

This amounts to a delay of approximately six months. While a shorter delay will not often warrant dismissal, our Local Rules recognize that a delay of four months is "presumptive evidence of lack of prosecution," N.D.N.Y. L.R. 41.2(a), and courts regularly find that this factor weighs in favor of dismissal where the delay stretches beyond five or six months, *Sessoms ex rel. V.C. v. Comm'r of Soc. Sec.*, 2022 WL 511646, at *1 (E.D.N.Y. Feb. 21, 2022). (collecting cases).

Second, plaintiff has been given ample notice and warning that continued delay would result in dismissal. Dkt. Nos. 7, 16, 43. For instance, on June 30, 2025, Judge Lovric warned plaintiff that his failure to either comply with Court Orders or update his mailing address would justify dismissal of this action for a failure to prosecute.[2] Dkt. No. 43. In addition, defendants' reply to their own motion to dismiss basis made it clear that it sought dismissal of this case, at least in part, on the basis of plaintiff's non-action. Dkt. No. 33. All of these notices were served on plaintiff at the most recent address he left on file with the Court.

Third, defendants are likely to be prejudiced by further delay, which has already stretched as much as six months. Courts generally presume that the defendant is likely to suffer prejudice when, as here, plaintiff has caused an

---

[2] In addition, plaintiff received a failure to prosecute warning from Judge Lovric on March 15, 2024, when plaintiff failed to submit a full and complete IFP Application for a second time. Dkt. No. 7.

- 6 -

"unreasonable delay." *LeSane*, 239 F.3d at 209; *Lyell Theatre Corp.*, 682 F.2d at 43 ("Prejudice to defendants resulting from unreasonable delay may be presumed.").

Fourth, the need to alleviate calendar congestion and move cases toward trial outweighs plaintiff's right to receive further chances to be heard in this case. In short, it is entirely appropriate to close a case that stalled out at least six months ago because of plaintiff's failure to update his mailing address or respond to and/or comply with court orders.

Fifth and finally, it is obvious that a lesser sanction than dismissal would be completely ineffective. Plaintiff was granted IFP status, which means he almost certainly cannot afford any kind of monetary sanction (conditional, nominal, or otherwise). But even if some kind of small monetary sanction were otherwise appropriate, plaintiff has stopped communicating with the Court, which means there is no way to enforce the sanction—or to even put plaintiff on notice of it.

In sum, plaintiff has yet to comply with a single Court order that has been issued in this action since defendants moved to dismiss or provide the Court with means to reach him. There is no indication under these circumstances that a lesser sanction than dismissal (that would necessarily come in the form of a further Court order) would prompt a different outcome. *Ruzsa v. Rubenstein & Sendy Attys at Law*, 520 F.3d 176, 178 (2d Cir. 2008).

Accordingly, even accounting for plaintiff's unrepresented status, the relevant factors weigh strongly in favor of dismissal for a failure to prosecute.

Therefore, it is

ORDERED that

Plaintiff's complaint is DISMISSED without prejudice for failure to prosecute.

The Clerk of the Court is directed to terminate the pending motion as moot (Dkt. No. 26), enter a judgment accordingly, and close the file.

IT IS SO ORDERED.

David N. Hurd
U.S. District Judge

Dated: August 27, 2025
       Utica, New York.